UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN ROGERS,

     Plaintiff,

v.

ST. CLAIR COUNTY, *et. al.*,

     Defendants.

_____/

Case No. 26-cv-10666
Hon. Matthew F. Leitman

## ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 2) AND (2) SUMMARILY DISMISSING CLAIM AGAINST DEFENDANT ERIN FRISCH

Plaintiff Christian Rogers is involved in parenting-time litigation with the mother of his child in the St. Clair County Circuit Court.  On February 26, 2026, Rogers filed a civil action in this Court in which he alleges that his constitutional and statutory rights were violated during those proceedings. (*See* Compl., ECF No. 1.)  Rogers brings claims against the following Defendants: St. Clair County, the St. Clair County Friend of the Court, Renae Topolewski (the Director of the St. Clair County Friend of the Court), and Erin Frisch (the Director of the Michigan Office of Child Support). (*See id.*)  Rogers has also filed an application to proceed *in forma pauperis* in this action. (*See* App., ECF No. 2.)

For the reasons explained below, the Court (1) **GRANTS** Rogers' application to proceed *in forma pauperis* and (2) summarily **DISMISSES** his claim against

1

Defendant Frisch pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  However, the Court concludes that Rogers' remaining claims are not subject to summary dismissal at this time.[1]

## I

On February 26, 2026, Rogers filed his Complaint and application to proceed *in forma pauperis* in this action. (*See* Compl., ECF No. 1; App., ECF No. 2.)  The Court has reviewed Rogers' *in forma pauperis* application and **GRANTS** it based on Rogers' indigence.

Under the Prison Litigation Reform Act of 1996, the Court is required to screen and *sua sponte* dismiss an *in forma pauperis* complaint in whole or in part before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997(e)(c).

A *pro se* civil-rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  However, even *pro se* complaints must comply with the federal pleading requirements.  Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing

---

[1] As noted below, nothing in this order precludes the remaining Defendants from filing a motion to dismiss Rogers' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  This rule gives "the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## II

Based on its review of the Rogers' Complaint, the Court concludes that Rogers has failed to state a viable claim against Defendant Frisch.  Rogers' Complaint is difficult to follow at points, but he appears to allege that during his state-court custody proceedings, St. Clair County and/or the St. Clair County Friend of the Court violated both his constitutional rights and his statutory rights under Title IV-D of the Social Security Act, 42 U.S.C. § 651, *et seq*.  Rogers then claims that Frisch, in her "capacity" as the Director of the Michigan Office of Child Support has "supervisory authority over Michigan's Title IV-D program and authority to enforce federal regulatory boundaries on Title IV-D proceedings." (Compl., ECF No. 1, PageID.7.)  Finally, Rogers says that he is entitled to "prospective and declaratory

relief" against Frisch "addressing the use of Title IV-D proceedings for parenting-time matters." (*Id.*, PageID.7, 33.)

Rogers' Complaint does not identify any facts that could support any possible claim against Defendant Frisch.  He does not allege that she was personally involved in his child-custody proceedings.  Nor does he allege that she had any communication with any of the other Defendants regarding those proceedings or oversaw those proceedings in any way.  Finally, Rogers has not suggested that Frisch (or the government entity that she works for) has taken any action related to him. And while Rogers does claim that Frisch has "supervisory authority over Michigan's Title IV-D program," he does not allege any facts that she has any authority to oversee any actions that may have been taken against him by St. Clair County and/or the St. Clair County Friend of the Court.  Simply put, Rogers has not alleged sufficient facts from which the Court could conclude that Frisch has any supervisory authority over St. Clair County and/or the St. Clair County Friend of the Court with respect to the actions those bodies are alleged to have taken here.  He therefore has not stated a plausible claim against Frisch that could entitle him to injunctive relief against her.  The Court will therefore **DISMISS** Rogers' claim against Defendant Frisch.

Finally, the Court concludes that for the purposes of initial screening only, Rogers' remaining claims are not subject to summary dismissal at this time.  Nothing

in this order precludes the remaining Defendants from filing a motion to dismiss those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 19, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 19, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5